CAUSE NO. CV-19-1816
_____

| | | |
|---|---|---|
| BUCKS FARM SUPPLY, INC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | GRAYSON COUNTY, TEXAS |
| | § | |
| CRUM & FORSTER INDEMNITY COMPANY, | § | Grayson County - 397th District Court |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Bucks Farm Supply, Inc. ("Bucks"), Plaintiff herein, files this Original Petition against Defendant Crum & Forster Indemnity Company ("Crum & Forster") and, in support of causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Bucks is a Texas corporation licensed to do business in the state of Texas and whose property is located In Grayson County, Texas.

2. Crum & Forster is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Mike Hicks, via certified mail at 2400 Lakeside Blvd., Ste. 200, Richardson, TX 75082-4341.

## II.
## DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

1

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Grayson County because all or a substantial part of the events or omissions giving rise to the claim occurred in Grayson County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Grayson County.

## V.
## FACTUAL BACKGROUND

7. Bucks is a named insured under a property insurance policy issued by Crum & Forster.

8. On or about April 29, 2016 a storm hit the Denison, TX area, damaging Bucks' building and other property. Bucks subsequently filed a claim on its insurance policy.

9. Defendant improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, Crum & Forster performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

14. Crum & Forster had a contract of insurance with Plaintiff. Crum & Forster breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

15. The failure of Crum & Forster to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. Bad Faith

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

 (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

 (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

 (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

 (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

 (1) making an untrue statement of material fact;

 (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

 (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

 (4) making a material misstatement of law; and

 (5) failing to disclose a matter required by law to be disclosed.

21. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

22. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.   Attorneys' Fees**

23. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25. Plaintiff further prays that be awarded all reasonable attorneys' fees incurred in prosecuting causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

27. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

28. You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Bucks. prays that, upon final hearing of the case, recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Bucks. be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Bucks. may show to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *David Bergen*
    David Bergen
    TBA No. 24097371
    dbergen@dalyblack.com
    Richard D. Daly
    TBA No. 00796429
    rdaly@dalyblack.com
    ecfs@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
BUCKS FARM SUPPLY, INC**